IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MAES,

      Plaintiff,

vs.                                              Civ. No. 97-1053 JC/DJS

KENNETH S. APFEL,
Commissioner of Social Security,[1]

      Defendant.


**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

[2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.   Plaintiff applied for disability insurance benefits on October 10, 1994 alleging disability since July 13, 1994 due to chest pain, knee pain and diabetes. Tr. 61, 110. The application was denied initially and on reconsideration. Plaintiff requested and received a <u>de novo</u> review before an administrative law judge (ALJ). A hearing was held before the ALJ at which Plaintiff and his representative appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 25. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 6. On August 11, 1997, the Appeals Council considered new and material evidence and found there was no basis for reopening the decision. Tr. 4. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.   At the time of the administrative hearing Plaintiff was sixty-three years old. He testified that he had completed the ninth grade. Tr. 38. He worked as a heavy equipment operator for

over thirty years.  Tr. 114.

**Issues**

4.   Plaintiff alleges that the ALJ made four errors. Specifically Plaintiff claims that: (1) the ALJ failed to use a vocational expert and applied the grids; (2) the ALJ failed to address the evidence in support of Plaintiff's "severe" medical impairments; (3) the ALJ failed to develop the record; and (4) the ALJ failed to adequately assess the Plaintiff's pain.

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6. The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment;  (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the

claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience. If a determination of disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

    8.   Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

    9.   Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's

work ability is further diminished by the nonexertional limitations. Id.  If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984).  However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids.  Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10.   The ALJ's decision is supported by the substantial evidence and the ALJ's decision was not contrary to law.  However, the new and material evidence submitted to the Appeals Council by the Plaintiff requires a remand for full consideration of the ALJ.

11.  On July 14, 1994, Plaintiff had a myocardial infarction and underwent cardiac catheterization. Tr. 90.  After the surgery, a treadmill test was unremarkable, without angina or ischemia.  Tr. 157.  Dr. Heilman prescribed a beta blocker, Lopressor, and subinguinal nitroglycerin as needed.  Tr. 148.  At discharge, Dr. Heilman recommended that Plaintiff stay off work for a month before returning to his job as a heavy equipment operator at a mine.  Dr. Heilman stated in his records that Plaintiff's long term prognosis

6

should be good.  Tr. 149.  The following month Plaintiff was able to walk approximately two miles without discomfort.  Tr. 170.  In October of 1994 Dr. Sandoval reported that Plaintiff's chest symptoms were improved and he encouraged Plaintiff to return to work.  Tr. 168.  Dr. Heilman reported that Plaintiff's hypertension was controlled with medication.  Tr. 166.  In December of 1994, Dr. Schreiber noted that Plaintiff had no significant symptoms and no ischemic pain.  By February 1995 an EKG shows evidence of an old myocardial infarction, but no acute changes.  Tr. 220.  A cardiac exam in February of 1996 was entirely unremarkable and Dr. Karaian reported the plaintiff had only mild episodic angina.  Tr. 245.  Also in February of 1996, Dr. Levin stated that during exercise, Plaintiff had no significant cardiovascular symptomatology.  Tr. 248.

12.  Considering the evidence in the record the ALJ correctly applied the grids. The presence of a nonexertional impairment precludes the use of the grids "only to the extent that such impairments limit the range of jobs available to the claimant." Ray, 865 F.2d at 226; Gossett, 862 F.2d at 808; Channel, 747 F.2d at 579, and 582 n.6.  In this case the evidence is to the contrary.  Plaintiff testified that he walks two miles a day and is able to lift up to twenty pounds.  Tr. 45.  Two of Plaintiff's physicians encouraged Plaintiff to return to work.  Tr. 148 and 158.  Plaintiff testified that his doctors did not advise him to limit his activities.  Tr. 46.

13. Plaintiff relies in part on his family practitioner's opinion that he was disabled. As noted above, this statement in not supported by the objective evidence in the record. See Castellano v. Sec. of Health & Hum. Serv., 26 F.3d 1027, 1029 (10th Cir. 1994). Further, the ALJ properly gave more weight to Plaintiff's cardiologists. Opinions of specialists are to be given more weight. See Goatcher v. Dep't. of Health & Human Services, 52 F.3d 288, 289 (10th Cir. 1995); 20 C.F.R. §§404.1527(d)(5) & 416.927(d)(5).

14. Plaintiff also alleged disability due to hypertension, diabetes mellitus and right knee pain. The substantial evidence supports the ALJ's finding that Plaintiff's hypertension and diabetes were controlled with medication. Tr. 22 and 166. Plaintiff had a tumor removed from his knee. After the procedure Dr. Rachelson stated that Plaintiff's wound was healing and doing nicely and he recommended range of motion exercises. After this procedure the record contains no other documents relating to Plaintiff's knee impairment. Plaintiff did not carry his burden of proof that any of this alleged impairments prevented him from performing work related activities. 20 C.F.R. §404.1513.

15. The ALJ fully developed the record. A review of the record shows that the ALJ informed himself of the pertinent facts and Plaintiff's version of the facts. Younger on behalf of Younger v. Shalala, 30 F.3d 1265, 1268 (10th Cir. 1994). Further, at the time of the ALJ's decision there was no need for a consultative

exam.  There was not a direct conflict of evidence in the record not was the medical evidence inconclusive.  <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1166 (10th Cir. 1997).

16.  Finally, Plaintiff argues that the ALJ did not evaluate all the evidence properly regarding his complaints of pain. Contrary to Plaintiff's assertion the ALJ properly considered the nature of treatment for the alleged symptoms, a possible psychological component, Plaintiff's daily activities and the dosage and side effects of medication.  <u>Luna v. Bowen</u>, 834 F.2d 161, 164 (10th Cir. 1987).  As the record shows, Plaintiff obtains relief from his chest pain when he takes nitroglycerin.  Tr. 223. Plaintiff's diabetes mellitus and hypertension were both controlled with medication.  Tr. 22, 166.  The ALJ properly noted that Plaintiff walked two miles a day and could lift up to twenty pounds.  Tr. 22 and 56.  Further, after Plaintiff's surgery his heart condition improved.  The objective evidence does not support Plaintiff's subjective complaints which the ALJ properly discounted.

17.  The Defendant did not address and the Plaintiff mentioned in passing the new and material evidence submitted by the Plaintiff to the Appeals Council.  <u>Burkitt v. Callahan</u>, 978 F. Supp. 1428 (D. Kan. 1997).  This evidence is part of the record for review by the court.  <u>O'Dell v. Sullivan</u>, 44 F.3d 855, 859 (10th Cir. 1994). Plaintiff was admitted to the Veterans Hospital on April 23, 1997 and discharged April 30, 1997.  It is obvious from this evidence

9

that Plaintiff's condition has deteriorated.  It appears from these records that he was diagnosed with unstable angina and required nitroglycerin paste, heparin drip and aspirin.  Tr. 11.  He underwent cardiac catheterization and two vessel coronary arteryxz disease was found.  Tr. 14  He underwent cardiac angioplasty for one of his two lesions.  Tr. 15.  He was to be further evaluated in six months for his other lesion.  He was discharged in stable condition and was found to have a good result from the angioplasty.  Tr. 15. A remand is required to determine the effect of the deterioration of Plaintiff's on Plaintiff's ability to work.  42 U.S.C. §405(g).

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be granted and the Commissioner hold further proceedings consistent with these findings and disposition.

_____
Don J. Svet
**UNITED    STATES    MAGISTRATE    JUDGE**